United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Petitioner,<br><br>v.<br><br>MALOU SEDIGH,<br><br>Respondent. | Case No. 5:18-mc-80010-HRL<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE PETITION TO ENFORCE ADMINISTRATIVE SUBPOENA**<br><br>Re: Dkt. No. 1 |

Petitioner R. Alexander Acosta, Secretary of the United States Department of Labor (hereafter referred to as "petitioner" or "Secretary"), initiated this proceeding to enforce an administrative subpoena duces tecum against respondent Malou Sedigh. According to the petition, the subpoena was issued as part of an ongoing investigation into whether Sedigh, who apparently has a number of businesses, violated the Fair Labor Standards Act (FLSA) of 1938, as amended, 29 U.S.C. §§ 201-219.

The court issued an order directing respondent to show cause in writing, by February 13, 2018, why the petition should not be granted. (Dkt. 5). The docket indicates that petitioner served the petition, supporting papers, and the court's order to show cause at respondent's principal place of business and by mailing a copy to her residence. Sedigh, however, has not filed any response.

Nor did she appear at the March 13, 2018 show cause hearing.

Petitions to enforce agency subpoenas have been deemed dispositive in nature. See NLRB v. Cable Car Advertisers, Inc., 319 F.Supp.2d 991, 995-96 (N.D.Cal.2004); Strong v. United States, 57 F.Supp.2d 908, 910-14 (N.D.Cal.1999). And, in any event, not all parties have consented to the undersigned's jurisdiction under 28 U.S.C. § 636. Accordingly, this court will order reassignment of this matter to a district judge, with a report and recommendation that the Secretary's petition be granted.

The scope of judicial inquiry in an agency subpoena enforcement proceedings is "quite narrow." E.E.O.C. v. Children's Hosp. Med. Ctr. of N. California, 719 F.2d 1426, 1428 (9th Cir. 1983), overruled on other grounds as recognized in Prudential Ins. Co. of Am. v. Lai, 42 F.3d 1299, 1303 (9th Cir. 1994). "The critical questions are: (1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation." Id. "An affidavit from a government official is sufficient to establish a prima face showing that these requirements have been met." F.D.I.C. v. Garner, 126 F.3d 1138, 1143 (9th Cir. 1997). "If these factors are shown by the agency, the subpoena should be enforced unless the party being investigated proves the inquiry is unreasonable because it is overbroad or unduly burdensome." Children's Hosp., 719 F.2d at 1428.

Here, petitioner argues that he is authorized to issue the subpoena under FLSA, 29 U.S.C. § 209 and § 211(a). Section 211(a) provides, in relevant part:

> The Administrator or his designated representatives may investigate and gather data regarding the wages, hours, and other conditions and practices of employment in any industry subject to this chapter, and may enter and inspect such places and such records (and make such transcriptions thereof), question such employees, and investigate such facts, conditions, practices, or matters as he may deem necessary or appropriate to determine whether any person has violated any provision of this chapter, or which may aid in the enforcement of the provisions of this chapter.

29 U.S.C. § 211(a). Section 209 incorporates 15 U.S.C. § 49, which authorizes the issuance of subpoenas to compel the production of documentary evidence related to any matter under investigation, into "the jurisdiction, powers, and duties of the Administrator, the Secretary of Labor, and the industry committees." 29 U.S.C. § 209. In the present matter, the subpoena was

2

issued as part of an active investigation into whether Sedigh violated provisions of the FLSA. Among other things, the subpoena seeks documents related to respondent's business operations and employees' wages and hours worked. The subpoena therefore was issued under petitioner's authority to investigate violations of the FLSA, as conferred by Congress in FLSA § 209 and § 211(a).

Petitioner has also made a prima facie showing that procedural requirements have been followed. The subpoena was issued on June 16, 2017 by Ruben Rosalez, the Regional Administrator of the Western Region of the Wage and Hour Division of the Department of Labor. Rosalez avers that, as Regional Administrator, he is, and at all relevant times has been, authorized to issue administrative subpoenas under the FLSA by delegation of authority from the Secretary. (Dkt. 2-1, Rosalez Decl. ¶¶ 1-2). Lilita Hom, the Assistant District Director of the San Jose, California District Office, Wage and Hour Division, attests that she directed investigator Ana Hurtado-Aldana to serve the subpoena on Sedigh. (Dkt. 2-2, Hom Decl. ¶ 7). The certificate of service appended to the subpoena indicates that the subpoena was served at an address identified elsewhere in the docket as Sedigh's residence. (Dkt. 2-1 at 3). Additionally, at the show cause hearing, petitioner's counsel confirmed that Sedigh is well aware of the investigation and these judicial proceedings, stating that he has been in contact with respondent's counsel about this matter.

Finally, the requested documents appear relevant to the Secretary's ongoing investigation into whether respondent violated the FLSA. Relevance is broadly construed, and an administrative subpoena must be enforced unless the evidence sought is "plainly incompetent or irrelevant to any lawful purpose." Children's Hosp., 719 F.2d at 1429 (citation omitted). Among other things, the FLSA sets minimum wage and maximum hour standards and prohibits "oppressive child labor . . . in any enterprise engaged in commerce or in the production of goods for commerce." 28 U.S.C. §§ 206, 207, 212. Here, the subpoena seeks, for the time period April 11, 2014 to April 10, 2017, documents re all business owners and company officers; tax returns; employee policies and procedures; and documents reflecting employee identification information, work schedules, and payroll information. Petitioner has met the broad test for relevance, and

therefore has made a prima facie showing that the subpoena should be enforced.

Because petitioner has met its burden in making a prima facie showing, the burden shifts to Sedigh to show that the subpoena is unreasonable because it is overbroad or unduly burdensome. Children's Hosp., 719 F.2d at 1428. At the show cause hearing, petitioner's counsel informed the court that respondent's counsel advised that they would appear at the hearing. As discussed above, however, Sedigh did not file any response to the order to show cause and there was no appearance by her or on her behalf at the hearing. Additionally, petitioner's counsel said he reached out again to respondent's counsel as recently as March 1, 2018, but received no response. This court therefore finds that Sedigh has not met her burden to rebut the Secretary's case.

Based on the foregoing, this court ORDERS the Clerk of the Court to reassign this case to a district judge, with the RECOMMENDATION that the petition be granted and that an order be issued enforcing the administrative subpoena. Any party may file objections to this report and recommendation with the district judge within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72. Petitioner is directed to promptly serve a copy of this report and recommendation on Sedigh and to file a proof of service with the court.

Dated:   March 13, 2018

HOWARD R. LLOYD
United States Magistrate Judge